# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY SMITH, | No. 4:19-CV-01834 |
| Plaintiff, | (Judge Brann) |
| v. | |
| DR. EKWUNIFE, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 27, 2020

## I.   BACKGROUND

Plaintiff Rodney Smith, a state prisoner incarcerated at SCI Retreat in Hunlock Creek, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment deliberate indifference medical claim arising from medical treatment he received while he was incarcerated at SCI Huntingdon. Plaintiff names as defendants Dr. Ekwunife of SCI Huntingdon, Dr. Doll of SCI Huntingdon, Dr. Morgan of SCI Huntingdon, P.A. Gomez of SCI-Huntingdon's Medical Department, Kevin Kauffman, Superintendent of SCI Huntingdon, Paula Price, Health Care Administrator at SCI Huntingdon, Dorina Varner, Pennsylvania Department of Corrections Chief Grievance Officer, as well as various John and Jane Does.[1]

---

[1]   ECF No. 1.

According to the complaint, on November 7, 2017, Plaintiff complained that the SCI Huntingdon Medical Department misdiagnosed him, which on one occasion almost caused his death due to a pulmonary embolism.[2]

A few months later, on February 26, 2018, Plaintiff was rushed to a hospital where an emergency procedure was performed because his INF numbers were below a 2.[3] Defendant P.A. Gomez reported that Plaintiff's INF level was at 1.2 prior to February 26, 2018.[4] Plaintiff alleges that the INF level of 1.2 caused three blood clots to develop in Plaintiff's lung.[5] Plaintiff alleges that the cause of the blood clots was due to his blood thinner medication having been withheld from February 5 through 9, 2018 on orders of Dr. Morgan in preparation for a colonoscopy.[6] Plaintiff alleges, that doctors at UPMC Altoona's Hospital confirm this diagnoses.[7]

Plaintiff alleges that Dr. Morgan and all defendants were on notice and should have known that discontinuing Plaintiff's blood thinner medication during this time without replacing it with another medication could result in placing Plaintiff at serious risk for death.[8] Plaintiff alleges that Defendant Dr. Ekwunife had access to his medical files and failed to develop an adequate plan to prepare Plaintiff for his

---

[2] ECF No. 1 at 3.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

colonoscopy that would have prevented Plaintiff from nearly dying when taken off his blood thinner medication.⁹

Plaintiff has also filed a motion to proceed *in forma pauperis*;¹⁰ for screening purposes, that motion will be granted.

## II. STANDARD OF REVIEW

Under § 1915(e)(2)(B) of the Prisoner Litigation Reform Act, the Court has an obligation to dismiss a complaint "at any time the court determines" the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.¹¹ That section applies to this action because Plaintiff is complaining about prison conditions and is a prisoner proceeding *in forma pauperis*.¹²

In determining whether a prisoner's complaint states a claim under § 1915(e)(2)(B), the Court is guided by the Rule 12(b)(6) motion to dismiss standard. Under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to

---

⁹ *Id.*
¹⁰ ECF No. 5.
¹¹ 28 U.S.C. § 1915(e)(2)(B). *See*, *e.g.*, *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (en banc) (noting that under the PLRA the district court shall at any time dismiss any case which, *inter alia*, fails to state a claim upon which relief may be granted).
¹² *See* 28 U.S.C. § 1915(e)(2).

relief."[13] While a complaint need only contain "a short and plain statement of the claim,"[14] and detailed factual allegations are not required, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[15] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[16]

## III. DISCUSSION

Plaintiff has brought his constitutional claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[17] "The first step in evaluating a section 1983 claim is to 'identify the

---

[13] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).
[14] Fed. R. Civ. P. 8(a)(2).
[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).
[17] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

4

exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[18]

The only constitutional claim alleged in the Complaint is an Eighth Amendment medical claim. "In order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."[19] "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."[20] Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment.[21]

Here, there are no factual allegations that Defendants Dr. Ukwunife, Dr. Doll, Dr. Morgan, and P.A. Gomez (the "Medical Defendants") were deliberately indifferent to Plaintiff's serious medical needs. Indeed, the only relevant factual allegations against the Medical Defendants are that (1) Plaintiff was diagnosed with

---

[18] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).
[19] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[20] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[21] *Id.*

an undisclosed medical condition which required him to be on blood thinner medication; (2) Dr. Morgan discontinued the use of that medication for four days so that Plaintiff could prepare for a colonoscopy, which was presumably a required medical procedure; (3) after Plaintiff resumed taking his blood thinner medication, his INF levels were monitored by the Medical Department including P.A. Gomez, who discovered that his INF level was a 1.2; and (4) Plaintiff was rushed to the hospital after his INF level was discovered to be 1.2.

Plaintiff's own allegations in the complaint demonstrate that the Medical Defendants were not deliberately indifferent to his medical needs, that they sought to provide for Plaintiff's medical needs, and when it was discovered that Plaintiff's INF level was quite low, he was sent to the hospital. None of these actions rise to level of knowing that a prisoner needs medical treatment but intentionally refusing to provide it, delaying necessary medical treatment based on a non-medical reason, or preventing a prisoner from receiving needed or recommended medical treatment.

Although Dr. Morgan may well have discontinued Plaintiff's blood thinner medication, Plaintiff states that this was done for Plaintiff's preparation for a colonoscopy—a medical reason. That a doctor may have to weigh the pros and cons of various treatment options is not indicative of deliberate indifference. Consequently, because Plaintiff cannot state an Eighth Amendment medical claim against the Medical Defendants, they must be dismissed.

Additionally, Plaintiff cannot state a claim against Defendants Superintendent Kevin Kauffman, Corrections Health Care Administrator Paula Price, and Chief Grievance Officer Dorina Varner, whose only involvement the events giving rise to the complaint are either in a supervisory capacity and/or receiving and responding to Plaintiff's grievances. "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'"[22] Further, supervisory liability cannot be imposed under § 1983 by *respondeat superior*.[23] "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[24] A plaintiff must show that an official's conduct caused the deprivation of a federally protected right.[25]

Furthermore, a prisoner's allegation that prison officials and administrators received or responded to a grievance does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct.[26]

---

[22] *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007). *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[23] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993).

[24] *Iqbal*, 556 U.S. at 677.

[25] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right.").

[26] *See Rode*, 845 F.2d at 1207-08 (concluding that review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); *Pressley v. Beard*, 266 F. App'x 216 (3d Cir. 2008) (prison officials cannot be held liable solely based on their failure to take corrective action when grievances or investigations were referred to them); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006); *Croom v. Wagner*, No. 06-1431, 2006

Because none of these Defendants were "personally involved" in the conduct of which Plaintiff complains, they too must be dismissed.

**IV.  CONCLUSION**

For the foregoing reasons, this Court will grant Plaintiff's motion to proceed *in forma pauperis* but dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted, with leave to amend granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); *Ramos v. Pennsylvania Dep't of Corrs.*, No. 06-cv-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement).