IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY SMITH, | No. 4:19-CV-01834 |
| Plaintiff, | (Judge Brann) |
| v. | |
| DR. EKWUNIFE, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

APRIL 13, 2021

## I.     BACKGROUND

Plaintiff Rodney Smith, a state prisoner incarcerated at SCI Retreat in Hunlock Creek, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment deliberate indifference medical claim arising from medical treatment he received while he was incarcerated at SCI Huntingdon. Plaintiff named as defendants Dr. Ekwunife of SCI Huntingdon, Dr. Doll of SCI Huntingdon, Dr. Morgan of SCI Huntingdon, P.A. Gomez of SCI-Huntingdon's Medical Department, Kevin Kauffman, Superintendent of SCI Huntingdon, Paula Price, Health Care Administrator at SCI Huntingdon, Dorina Varner, Pennsylvania Department of Corrections Chief Grievance Officer, as well as John and Jane Does.[1]

---

[1] Doc. 1.

The Court reviewed the complaint and determined that Plaintiff failed to state a claim upon which relief may be granted and granted Plaintiff leave to file an amended complaint to correct the pleading deficiencies.[2] In the original complaint, Plaintiff alleged that on February 26, 2018, he was rushed to a hospital where an emergency procedure was performed because Plaintiff's INF numbers were below a 2.[3] Defendant P.A. Gomez reported that Plaintiff's INF level was at 1.2 prior to February 26, 2018.[4] Plaintiff alleged that the INF level of 1.2 caused three new blood clots to develop in Plaintiff's lung.[5] Plaintiff alleged that the cause of the blood clots forming was because Dr. Morgan wrote an order for Plaintiff's blood thinner medication to be withheld from February 5 through 9, 2018, to prepare for a colonoscopy.[6] This, he alleged, was according to the doctors at UPMC Altoona Hospital.[7]

Plaintiff alleges that Dr. Morgan and all Defendants were on notice and should have known that discontinuing Plaintiff's blood thinner medication during this time without replacing it with another medication could result in placing Plaintiff at serious risk for death.[8] Plaintiff alleged that Defendant Dr. Ekwunife had access to his medical files and failed to develop an adequate plan to prepare Plaintiff for his

---

[2] Docs. 9, 10.
[3] Doc. 1 at 3.
[4] Id.
[5] Id.
[6] Id.
[7] Id.
[8] Id.

2

colonoscopy that would have prevented Plaintiff from almost dying when taken off his blood thinner medication.[9]

In the amended complaint, Plaintiff alleges that "deliberate indifference could be found" based on Dr. Ekwunife's decision to withhold his medication based on a non-medical reason and that he was denied recommended treatment.[10] Plaintiff also alleges that Dr. Ekwunife should have contacted UPMC and advised of his intent to withdraw the prescribed medication.[11] The amended complaint does not identify any other Defendants other than Dr. Ekwunife.[12]

## II. STANDARD OF REVIEW

Under § 1915(e)(2)(B) of the Prisoner Litigation Reform Act, the Court has an obligation to dismiss a complaint "at any time the court determines" the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.[13] That section applies to this action because Plaintiff is complaining about prison conditions and is a prisoner proceeding *in forma pauperis*.[14]

---

[9] *Id.*
[10] Doc. 11 at 1.
[11] *Id.*
[12] *See id.*
[13] 28 U.S.C. § 1915(e)(2)(B). *See, e.g., Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (en banc) (noting that under the PLRA the district court shall at any time dismiss any case which, *inter alia*, fails to state a claim upon which relief may be granted).
[14] *See* 28 U.S.C. § 1915(e)(2).

In determining whether a prisoner's complaint states a claim under § 1915(e)(2)(B), the Court is guided by the Federal Rule of Civil Procedure 12(b)(6) motion to dismiss standard. Under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[15] While a complaint need only contain "a short and plain statement of the claim,"[16] and detailed factual allegations are not required, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[17] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[18]

## III. DISCUSSION

In its prior memorandum, the Court found that:

> [T]here are no factual allegations that Defendants Dr. Ukwunife, Dr. Doll, Dr. Morgan, and P.A. Gomez . . . were deliberately indifferent to Plaintiff's serious medical needs. Indeed, the only relevant factual allegations against the Medical Defendants are that (1) Plaintiff was diagnosed with an undisclosed medical condition which required him to be on blood thinner medication; (2) Dr. Morgan discontinued the use of that medication for four days so that Plaintiff could prepare for a colonoscopy which was presumably a required medical procedure; (3) after Plaintiff resumed taking his blood thinner medication, his INF levels were monitored by the Medical Department including P.A. Gomez, who discovered that his INF level was a 1.2; and (4) Plaintiff

---

[15] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).
[16] Fed. R. Civ. P. 8(a)(2).
[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

4

was rushed to the hospital after his INF level was discovered to be a 1.2.

Plaintiff's own allegations in the complaint demonstrate that the Medical Defendants were not deliberately indifferent to his medical needs, that they sought to provide for Plaintiff's medical needs, and when it was discovered that Plaintiff's INF level was quite low, he was sent to the hospital. None of these actions rise to the level of knowing that a prisoner needs medical treatment but intentionally refusing to provide it, delaying necessary medical treatment based on a non-medical reason, or preventing a prisoner from receiving needed or recommended medical treatment.

Although Dr. Morgan may well have discontinued Plaintiff's blood thinner medication, Plaintiff states that this was done for Plaintiff's preparation for a colonoscopy—a medical reason. That a doctor may have to weigh the pros and cons of various treatment options is not indicative of deliberate indifference. Consequently, because Plaintiff cannot state an Eight Amendment medical claim against the Medical Defendants, they must be dismissed.[19]

Plaintiff's new allegation that Dr. Ekwunife should have contacted UPMC before discontinuing Plaintiff's blood thinner medication does not alter the Court's prior conclusion. As the Court previously stated, the decision to withdraw the medication for a few days in order to prepare Plaintiff for a colonoscopy was based on a sound medical reason. Plaintiff's INF levels were continually monitored by medical staff and once they were deemed too low, he was immediately taken to the hospital. These allegations demonstrate a pattern of medical diligence—not deliberate indifference. Therefore, the Court will now dismiss the amended complaint.

---

[19] Doc. 9 at 5-6.

Generally, "plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile." The Court previously permitted Plaintiff leave to amend, and Plaintiff has failed to cure his pleading defects in the amended complaint. As such, the Court finds that it would be futile to permit Plaintiff another opportunity to amend his amended complaint.

## IV.  CONCLUSION

For the foregoing reasons, this Court will dismiss the amended complaint without prejudice for failure to state a claim upon which relief may be granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge